OPINION. Murdock, Judge: The Commissioner of Internal Revenue has made a partial allowance of the petitioner’s claims for relief under section 722 (b) (4) by reason of a change in the character of its business, based upon a constructive average base period net income of $23,100. The petitioner, in its brief, has reduced its claim for constructive average base period net income to $69,187.43. The only question for decision is the amount of constructive average base period net income. The partial allowance by the Commissioner was based upon a change in the character of the business resulting from the introduction of drilling and O. S. & Y. valves. The Commissioner argues in his brief that a normal level of earnings on the drilling valves had been reached by the end of the base period, the sales of other products were declining throughout the base period, and although the earnings on the sales of O. S. & Y. valves had not reached a normal level by the end of the base period the earnings of the entire business had reached a normal level at that time and there is no basis for the application of the push-back rule. The decline of the petitioner’s sales of products other than valves during the base period was due to the gradual replacement of cable tool drills with rotary-type drills and was not affected perceptibly by the introduction during the base period of the valves here in question. The petitioner had a loss of about $6,200 in 1 base period year, and it had earnings of about $26,800 for the other 3 base period years. The constructive average base period net income allowed by the Commissioner is several times the actual earnings for the base period years, and the evidence falls short of convincing this Court that the constructive average base period net income allowed by the Commissioner was less than a fair and just amount to represent normal earnings of this petitioner. The record as a whole fails to indicate that the actual sales of the drilling valves during the base period years had not reached a normal level under the prevailing market conditions by the end of the base period. It is reasonable to believe, however, that the sales of O. S. & Y. valves had not reached their normal level by the end of, that period. The constructive average base period net income determined by the Commissioner makes sufficient allowance for these conditions. The petitioner is entitled to a carryover of any unused excess profits credit from 1941 to 1942 and 1943 and a carryback from 1946 to 1944 and 1945 based upon the constructive average base period net income allowed by the Commissioner. Reviewed by the Special Division. Decision will be entered under Bule 50.